IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

CIVIL ACTION IN ADMIRALTY

CASE NO.: 00-8393 CIV-RYSKAMP
MAGISTRATE JUDGE VITUNAC

In the Matter of the Complaint
of ELIZABETH MARIE FAGO, as Owner
of the 1998 "Seadoo" Personal Water
Craft bearing HIN ZZNO7450B898,
in a cause of exoneration from or
limitation of liability
_____/

## COMPLAINT

Plaintiff, ELIZABETH MARIE FAGO, as owner of the 1998 "SeaDoo" Personal Water Craft bearing HIN ZZNO7450B898, in an action for exoneration from or limitation of liability, civil and maritime, alleges:

1. This is a case of admiralty and maritime jurisdiction.

2. At all times, Plaintiff was and now is a resident of Palm beach County, Florida and was the sole owner of the subject "SeaDoo".

3. The "SeaDoo" was a registered vessel of the State of Maryland, bearing Title Number B363836. It had an overall length of 8'03" and was not a seagoing vessel. It had no pending freight at the time of the accident.

4. Prior to the occurrence of the accident and claimed damages as described in this complaint, and at all times, Plaintiff exercised due diligence to make and maintain the "SeaDoo" in all respects in a condition fit and proper for its use as a personal water craft.

5. Upon information and belief, on or about August 13, 1999, Christina Hernandez was operating the "SeaDoo" in the Atlantic Intracoastal Waterway in Palm Beach County, Florida and was involved in an accident wherein she sustained injuries which were fatal. Plaintiff owner was not at the scene of the accident and the "SeaDoo" was operated by Christina Hernandez without Plaintiff owner's knowledge.

Upon information and belief, the Florida Marine Patrol took possession of the "SeaDoo" after the accident.

6. Any and all damages, injuries and losses resulting from the accident were not caused or contributed to by any fault, design, or neglect or want of care on the part of the Plaintiff, or by any failure of Plaintiff to exercise due diligence to make the vessel seaworthy or to properly maintain it.

7. As a result of the subject accident, and as of the date this Complaint is filed, an emergency petition for affirmative relief has been filed in the 15th Judicial Circuit in and for Palm Beach County, wherein the petitioner states she will be pursuing a claim inter alia, against Plaintiff herein. Plaintiff does not know the total amount of the claim that may be made for loss, damage, injury or destruction growing out of this accident, but anticipates fears and believes that any claim asserted or prosecuted against her will be in amounts exceeding the total sum or sums for which Plaintiff may be legally responsible or may be required to pay under the applicable statutes covering exoneration from or limitation of liability. Attached to and made a part of this Complaint as Schedule "A" is a list of all claimants of whom

Plaintiff has knowledge as of the time of the filing of this Complaint.

8. There are no demands, unsatisfied liens, or claims of lien or any lawsuits pending, to Plaintiff's knowledge, other than as set forth in Schedule "A".

9. The entire aggregate amount and value of plaintiff's interest in the "Seadoo" and its pending freight, if any, at the time of the accident did not exceed the sum of $6,300.00 (see purchase invoice dated 5/29/99 attached as Schedule "B").

10. Subject to an appraisal of her interest upon a reference, plaintiff deposits with the court, as security for the benefit of the claimant, an *ad interim* stipulation for value in the amount of $6,300.00 plus interest at 6% per year, for two years from the date of the stipulation, that sum being not less than the amount of value of plaintiff's interest in the "SeaDoo" and its pending freight, if any, at the time of the accident.

11. This complaint is filed within six months from the date plaintiff received the first written notice of claim from any claimant following the aforesaid accident.

12. Plaintiff, as owner of the "SeaDoo", claims exoneration from liability for any and all loss, damage, death, injury or destruction caused by this accident, and for any and all claims therefor. Plaintiff alleges that she has solid defenses thereto on the facts and in law. Plaintiff, without admitting but affirmatively denying all liability, claims the benefit of the limitation of liability provided for in 46 U.S.C. Appx. §§181-185 and 188, and to that end, subject to an appraisal of her interest

on a reference, plaintiff deposits with the court, as security for the benefit of claimant, a bond for the amount or value of her interest in the "SeaDoo" and its pending freight, if any, as provided by the above statutes, by the Federal Rules of Civil Procedure, including Rule F. of the Supplemental Rules for Certain Admiralty and Maritime Claims, and by the rules and practices of this court.

   WHEREFORE, Plaintiff demands that this court:

   1.   enter an order approving the *ad interim* stipulation for value with surety, deposited with the court by plaintiff, as security for the amount or value of plaintiff's interest in the "SeaDoo" and its pending freight, if any, at the time of the accident described above;

   2.   issue a notice to all persons asserting claims with respect to which the Complaint seeks exoneration from or limitation of liability, admonishing them to file their respective claims with the clerk of this court and to serve on Plaintiff's attorneys a copy of the notice on or before a date to be named in the notice, and that if any claimant desires to contest either the right to exoneration from or the right to limitation of liability, the claimant shall file and serve on plaintiff's attorneys an answer to the Complaint on or before that date, unless the claim included an answer so designated;

   3.   enjoin the further prosecution of any and all lawsuits already commenced and the commencement or prosecution thereafter of any or all lawsuits of any nature or description whatsoever in any jurisdiction against Plaintiff and/or against the

"SeaDoo" and/or against any property of Plaintiff and/or against Plaintiff's insurers, and/or the "SeaDoo" except in this action, to recovery damages for or with respect to any loss, damage, death, injury or destruction caused by or resulting from the accident which occurred on or about August 13, 1999;

    4.  adjudge that Plaintiff is not liable to any extent for any loss, damage, injury or destruction or for any claim therefor in any way arising out of or resulting from the accident which occurred on or about August 13, 1999; and

    5.  adjudge that Plaintiff is not liable to any extent for any loss, damage, injury or destruction, or for any claim whatsoever, in any way arising from or in consequence of the voyage; or, if Plaintiff is adjudged liable, that the liability be limited to the amount or value of Plaintiff's interest in the "SeaDoo" and its pending freight, if any, at the time of the accident on or about August 13, 1999, and that Plaintiff be discharged from liability on the surrender of the interest.

    WIEDERHOLD, MOSES & RUBIN, P.A.
Attorneys for Plaintiff
Brandywine Centre II
560 Village Blvd., Suite 240
P.O. Box 3918
West Palm Beach, FL  33402
(561)615-6775 (Bwd:954-763-5630)
fax: (561) 615-7225

by: _____
JOHN P. WIEDERHOLD
FLORIDA BAR NO: 125670
KAY S. HOFF
FLORIDA BAR NO: 727377

```
STATE OF FLORIDA    )
                    ) SS
COUNTY OF PALM BEACH)
```

Before me, the undersigned authority, personally appeared Kay S. Hoff, who was sworn and says that she had read the Complaint, and as to the facts stated as true, they are true, and as to the facts stated on information and beleif, she is informed and believes that they are true.

_____
Kay S. Hoff

Sworn to and subscribed before me on May 15, 2000, by Kay S. Hoff who is personally known to me.

_____
Notary Public, State of Florida

(seal)



OFFICIAL NOTARY SEAL
ROSE-ANNE RAIES
COMMISSION NUMBER
CC572633
MY COMMISSION EXPIRES
JULY 28, 2000

In the Matter of the Complaint
of ELIZABETH MARIE FAGO, as Owner
of the 1998 "Seadoo" Personal Water
Craft bearing HIN ZZNO7450B898,
in a cause of exoneration from or
limitation of liability

## SCHEDULE "A"

Tammy Roberts, as personal representative of the Estate of
Christina Hernandez, deceased, and individually
c/o Richard E. Tullie, Esq.
Richard E. Tullie, P.A.
One Park Place, Suite 385
621 N.W. 53rd Street
Boca Raton, /FL   33487


Bombadier Capital (secured party)
P.O. Box 600610
Jacksonville, FL   32258

Yeager's Inc. dba
# Talbot Lawn and Cycle
9477 Ocean Gateway
Easton, Maryland 21601

PHONE 410-822-1766
FAX 410-820-4048

| | | |
|---|---|---|
| NEW ✓ USED | DATE 5-29-99 | CASH PRICE OF UNIT SALE 6299- / 6600 |
| | | ASSEMBLY AND SAFETY CHECKS — No CHG |
| BUYER NAME: ELIZABETH FAGO | | FREIGHT/DELIVERY — No CHG |
| ADDRESS: 27880 WAVERLY RD | | INSTALLATION/LABOR |
| EASTON | STATE MD 21601 | COAST GUARD PACK — 37.00 |
| DOB 12-5-50 | D## 42 2034 | TRAILER — 429.00 |
| HOME PHONE 819-0353 | WORK 526 626 3300 | TAG & TITLE SERVIC (DOC) 45 |
| LICENSE NO | | TITLE FEE TRAILER (DMV) 20.00 |
| | | ANNUAL TAG (DMV) 13.50 |
| USED NO 98 SEADOO | DELIVERY DATE 5-29-99 MODEL SPX SERIAL 000583800 | TEMPORARY TAG (DMV) 8.00 |
| | | LIEN RECORDING FEE (DMV) 20.00 |
| VIN ZZN0745 0 B899 | | UCC FEE (DOC) |
| | COLOR | STATE TIRE FEE 2.00 |
| | | MARYLAND TAX 350.32 |
| 99 LOADRITE | TRAILER | MD. TAX EXEMPT NUMBER |
| VIN 5A4FPRJ17X2001505 | KEY NO | S.I.F. 15.00 |
| | COLOR | DNR REGISTRATION FEE 26.00 |
| TRADE IN | | ACCESSORIES TOTAL 278.55 |
| | | _____ MONTHS PRODUCT |
| | | PROTECTION CONTRACT |
| | | DELIVERED PRICE (GRANT TOTAL) |
| | | TRADE IN ALLOWANCE |
| COVER 298124075 | 145.80 | DEPOSIT WITH ORDER |
| SEADOO OIL 413803000 | 16.95 | |
| (2) 298203 0910 VEST 52.95 | 105.90 | CASH, CERTIFIED OR CASHIER'S CHECK, OR FINANCE ON DELIVERY 7543.37 |
| — ALL SALES ARE FINAL — | | DOWN PAYMENT 760.37 |
| 700-2 HITCH | 9.90 | AMOUNT FINANCED 6783.00 |
| | | FINANCE BY: BOMBARDIER CAPITAL |
| | | ADDRESS |
| | | PHONE |

SCHEDULE "B"

# CIVIL COVER SHEET

00-8393

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

ELIZABETH MARIE FAGO

## DEFENDANTS

CIV-RYSKAMP

MAGISTRATE JUDGE
VITUNAC

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

(see attached)

ATTORNEYS (IF KNOWN)

**(d) CIRCLE COUNTY WHERE ACTION AROSE:**
DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only) (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Complaint for limitation of liability in admiralty
46 U.S.C. Sec. 181-185, 188

IVa. ____ days estimated (for both sides) to try entire case.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| A CONTRACT | A TORTS | B FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury—Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | A PROPERTY RIGHTS | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act |  | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☒ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 350 Motor Vehicle / B ☐ 371 Truth in Lending | A LABOR | B SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | B☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
|  |  | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| A REAL PROPERTY | A CIVIL RIGHTS / B PRISONER PETITIONS |  | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting |  | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| B ☐ 220 Foreclosure | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | A FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |  |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☒ 530 General | B☐ 791 Empl. Ret. Inc Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 535 Death Penalty |  |  | *☐ 890 Other Statutory Actions *A or B |
| ☐ 290 All Other Real Property | ☒ 540 Mandamus & Other |  |  |  |
|  | ☐ 550 Civil Rights *A or B |  |  |  |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Refiled
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $** _____

Check YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____ DOCKET NUMBER _____

DATE 5/15/00

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY: Receipt No. 712-452  Amount: _____
Date Paid: _____  M/ifp: _____

UNITED STATES DISTRICT COURT
S/F I-2
REV. 6/90

Attachment to Civil Cover Sheet
Section 1C

JOHN P. WIEDERHOLD
FLORIDA BAR NO: 125670

WIEDERHOLD, MOSES & RUBIN, P.A.
Attorneys for Plaintiff
Brandywine Centre II
560 Village Blvd., Suite 240
P.O. Box 3918
West Palm Beach, FL  33402
(561)615-6775 (Bwd:954-763-5630)
fax: (561) 615-7225